IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00616-RBJ

BAGAA HAMDI HAMED ARAMIN,

      Petitioner,

v.

JUAN BALTAZAR,
ROBERT HAGAN,
in their official capacities,

      Respondents.

---

## ORDER

---

Before the Court are the petitioner's Verified Petition for Habeas Corpus (Petition), ECF No. 1. The Court GRANTS IN PART the Petition to the extent of that respondents are ENJOINED from transferring petitioner outside the District of Colorado or removing him from the United States during the pendency of this case. The Court also hereby ORDERS respondents to file their response to petitioner's Petition within 14 days of service of this Order.

Petitioner is a native and citizen of Palestine. ECF No. 1 at ¶ 1. He was placed in removal proceedings by the Department of Homeland Security (DHS), and on July 25, 2025, an Immigration Judge denied his application for asylum and other

1

fear-based protection and ordered him removed to the Palestinian Territories, or, in the alternative, Israel. *Id.* at ¶ 2. In the past approximately seven months, petitioner alleges that DHS has been unable to remove him to the Palestinian Territories and several other countries. *Id.* at ¶ 3. He therefore alleges that his continued detention runs afoul of due process and the post-final order removal of detention statute, 8 U.S.C. § 1231(a)(6), as recognized by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See id.* at ¶ 4.

Petitioner requests, *inter alia*, that this Court order his immediate release from detention under reasonable release conditions. *See id.* at 13. Petitioner additionally requests that this Court enjoin respondents from removing him from the United States to a third country without following proper procedures. *See id.*

This Court has the inherent authority under the All Writs Act, 28 U.S.C. § 1651, to preserve its jurisdiction by enjoining the transfer of a noncitizen challenging their mandatory detention under § 1225(b)(2)(A). *See, e.g., Castillo v. Andra-Ybarra*, Civ. No. 25-1074 JB/JFR, 2025 WL 3251223, at *12-13 (D.N.M. Nov. 21, 2025); *Alves v. U.S. DOJ*, Cause No. EP-25-CV-306-KC, 2025 WL 269763, at *5 (W.D. Tex. Sept. 12, 2025). The Court has ordered this preliminary relief in numerous habeas challenges to immigration detention, and will order this relief here. *See, e.g., Campos-Melara*, 1:25-cv-03929-RBJ, ECF No. 7 (D. Colo. Dec. 9, 2025); *Vences Nuñez v. Noem*, 1:25-cv-04046-RBJ, ECF No. 4 (D. Colo. Dec. 18, 2025).

Therefore, to protect the status quo and preserve this Court's jurisdiction, the Court GRANTS the habeas petition only insofar as respondents are hereby enjoined from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.  At this time, the Court takes no action with respect to the remainder of the relief sought in the habeas petition.

To the extent they have not done so yet, no later than Wednesday, February 18, 2026, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket.  Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner.  *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: February 17, 2026                  BY THE COURT:

3

R. Brooke Jackson
Senior United States District Court Judge